UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| SUSAN MAE POLK, | | |
| | Plaintiff, | No. C 12-1026 PJH (PR) |
| vs. | | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| JOHN POLK, et al., | | |
| | Defendant. | |

Plaintiff, a state prisoner, has filed a pro se complaint under 42 U.S.C. § 1985 and 18 U.S.C. § 1961

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

**B.   Legal Claims**

Plaintiff names as defendants, her brother-in-law, his attorney, the attorney's friends and the buyers of some real property.  Plaintiff alleges that prior to her incarceration, she and her husband created a trust and certain real property was placed in the trust.  Plaintiff alleges that the defendants have conspired to take control of the trust and sell the real property for their benefit, while intimidating her and other witnesses.

Plaintiff has brought this action pursuant to 42 U.S.C. § 1985 and 18 U.S.C § 1961, et seq.  Section 1985 provides a cause of action against two or more individuals where such individuals conspire to interfere with civil rights by (1) preventing an officer from performing her duties; (2) obstructing justice by intimidating a party to a legal proceeding or a witness or a juror associated with that proceeding; or (3) depriving one of rights and privileges under the Constitution.

Though not specified in the complaint, it appears that plaintiff asserts her § 1985 allegations under (2) and (3) above.  The Ninth Circuit has clarified that "Section 1985(2) has two separate parts.  The first part of the subsection addresses conspiracies which deter by force, intimidation, or threat a party or witness in federal court.  The second part of the subsection creates a federal right of action for damages against conspiracies which obstruct the due course of justice in any State or Territory with intent to deny equal

protection." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 763 (9th Cir. 1991) (citations and quotation marks omitted).

Similarly, 42 U.S.C. § 1985(3) provides a cause of action against state or private conspiracies. *See Griffin v. Breckenridge*, 403 U.S. 88, 101–02 (1971). The first clause pertains to conspiracy to deny equal protection of the laws on the highway or on the premises of another; the second clause pertains to conspiracy to prevent or hinder state officers from providing equal protection to all persons within the state; and the third clause pertains to conspiracy to interfere with federal elections. *See* 42 U.S.C. § 1985(3). A cause of action under § 1985(3) requires a showing of some racial or class-based discrimination. *See Kush v. Rutledge*, 460 U.S. 719, 724–26 (1983).

In the complaint, plaintiff alleges that while she was in custody regarding the murder of her husband, the defendants forced her to agree to certain terms regarding the trust and sale of the property. Plaintiff sets forth no allegations that there was any court hearing, state or federal that she could not attend or testify at, rather she was intimidated and threatened into an agreement and not challenging certain business decisions. Moreover, plaintiff does not allege that defendants have discriminated against her because of a racial, or perhaps otherwise class-based animus or that she is a member of a protected class. For all these reasons plaintiff's claims fail to state a claim under 42 U.S.C. § 1985.

The Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961–1968 allows a private citizen to sue to recover treble damages for injury "by reason of a violation of section 1962," which prohibits conducting or participating in the conduct of an enterprise through a pattern of racketeering activity or through the collection of an unlawful debt. 18 U.S.C. § 1962. A violation of section 1962(c) requires 1) conduct 2) of an enterprise 3) through a pattern 4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). Plaintiff's allegations on how the conduct violates RICO are vague at best. Even assuming there was racketeering activity plaintiff has failed to show a pattern and has thus failed to state a claim.

Although not specified, to the extent plaintiff also seeks to bring this action under 42

U.S.C. § 1983 for violation of her Fourth, Sixth and Fourteenth Amendment rights, the complaint again fails to state a claim. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has failed to identify any defendants who were acting under state law and further fails to explain which facts support each constitutional violation.

## CONCLUSION

1. The amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed no later than **January 4, 2013**, and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). She may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 30, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.12\Polk1026.dwlta.wpd

4