UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

SUSAN MAE POLK,

        Plaintiff,

vs.

JOHN POLK, et al.,

        Defendants.

                              /

No. C 12-1026 PJH (PR)

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner, has filed a pro se complaint under 42 U.S.C. § 1985 and 18 U.S.C. § 1962. Plaintiff's original complaint was dismissed with leave to amend and she has filed an amended complaint.

## BACKGROUND

Plaintiff was convicted of second degree murder of her husband in a well-publicized trial. *See People v. Polk*, 190 Cal. App. 4th 1183 (2010). The court first notes that this action is substantially similar to an earlier action filed by plaintiff, *Polk v. Daly*, No. C 12-0193 PJH (PR). Regardless, the court will review each case separately as there are some differences and different defendants. Plaintiff names as defendants, her brother-in-law, his attorney, the attorney's friends and the buyers of some real property, an apartment in Berkeley, CA. Plaintiff alleges that prior to her incarceration, she and her husband created a trust and certain real property was placed in the trust, the apartment in Berkeley and a house in Orinda, CA. Plaintiff alleges that the defendants have conspired to take control of the trust and sell the real property for their benefit while intimidating her and other witnesses.

Plaintiff's claims here are also related to a lien placed on her interest in the real property to satisfy Contra Costa County for what it claimed were the costs of her criminal

defense. Plaintiff contended in her appeal of the criminal conviction that the trial court had not held a hearing to determine if she could afford to pay the lien before approving its payment. The court of appeal held that such a hearing was necessary and remanded with instructions to hold one. *People v. Polk*, at 1208-11. Plaintiff also filed four appeals from orders in an action brought by the executor of her husband's estate to partition real property. *See Polk v. Polk*, 2009 WL 2613930 (2009). She was entirely unsuccessful. *Id.* at *1, *8. Many of the issues in those appeals appear to be similar to the claims she raises here and in the other federal case.

## DISCUSSION

### A.     Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained

the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

**B.    Legal Claims**

Plaintiff has brought this action pursuant to 42 U.S.C. § 1985 and 18 U.S.C § 1961, et seq.  Section 1985 provides a cause of action against two or more individuals where such individuals conspire to interfere with civil rights by (1) preventing an officer from performing her duties; (2) obstructing justice by intimidating a party to a legal proceeding or a witness or a juror associated with that proceeding; or (3) depriving one of rights and privileges under the Constitution.

Though not specified in the complaint, it appears that plaintiff asserts her § 1985 allegations under (2) and (3) above.  The Ninth Circuit has clarified that "Section 1985(2) has two separate parts.  The first part of the subsection addresses conspiracies which deter by force, intimidation, or threat a party or witness in federal court.  The second part of the subsection creates a federal right of action for damages against conspiracies which obstruct the due course of justice in any State or Territory with intent to deny equal protection." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 763 (9th Cir. 1991) (citations and quotation marks omitted).

Similarly, 42 U.S.C. § 1985(3) provides a cause of action against state or private conspiracies. *See Griffin v. Breckenridge*, 403 U.S. 88, 101–02 (1971). The first clause pertains to conspiracy to deny equal protection of the laws on the highway or on the premises of another; the second clause pertains to conspiracy to prevent or hinder state officers from providing equal protection to all persons within the state; and the third clause pertains to conspiracy to interfere with federal elections. *See* 42 U.S.C. § 1985(3).  A cause of action under § 1985(3) requires a showing of some racial or class-based discrimination. *See Kush v. Rutledge,* 460 U.S. 719, 724–26 (1983).

In the complaint, plaintiff alleges that while she was in custody regarding the murder of her husband, the defendants forced her to agree to certain terms regarding the trust and sale of the property. Plaintiff sets forth no allegations that there was any court hearing, state or federal that she could not attend or testify at, as required by the statute, rather she was intimidated and threatened into an agreement and not challenging certain business decisions. In the original complaint plaintiff presented no allegations regarding discrimination, however in the amended complaint she argues that her deceased husband who was Jewish demanded that she convert to Judaism from Christianity, but she did not. Plaintiff alleges that her husband maligned and ridiculed her and the rest of his family treated her poorly. Even if her husband discriminated against her, he is a not a defendant in this action and plaintiff has failed to demonstrate sufficient discrimination on behalf of the named defendants. For all these reasons plaintiff's claims fail to state a claim under 42 U.S.C. § 1985.

The Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961–1968 allows a private citizen to sue to recover treble damages for injury "by reason of a violation of section 1962," which prohibits conducting or participating in the conduct of an enterprise through a pattern of racketeering activity or through the collection of an unlawful debt. 18 U.S.C. § 1962. A violation of section 1962(c) requires 1) conduct 2) of an enterprise 3) through a pattern 4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). Plaintiff's allegations on how the conduct violates RICO are vague at best. Even assuming there was racketeering activity plaintiff has failed to show a pattern and has thus failed to state a claim.

Finally the majority events that plaintiff describes occurred from 2002 to 2007. The statute of limitations for civil RICO actions is four years. *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987). The Ninth Circuit follows the "injury discovery" statute of limitations rule for civil RICO claims. *Pincay v. Andrews*, 238 F.3d 1106, 1109 (2001). "Under this rule, 'the civil RICO limitations period begins to run when a plaintiff knows or should know of the injury that underlies his cause of action.'" *Id.*

4

at 1109 (quoting *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (internal quotation marks omitted)).  The "injury discovery" rule creates a disjunctive two-prong test of actual or constructive notice, under which the statute begins running under either prong.  *Id.*

It appears that plaintiff was aware of these events by 2002 and 2003 and by 2007 at the latest, however this action was not filed until February 29, 2012.[1]  Thus, this action is also beyond the statute of limitations.  *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984) (dismissal under 28 U.S.C. § 1915 where the defense is complete and obvious from the face of the pleadings or the court's own records).

Although not specified, to the extent plaintiff also seeks to bring this action under 42 U.S.C. § 1983 for violation of her Fourth, Sixth and Fourteenth Amendment rights, the complaint again fails to state a claim.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff has failed to identify any defendants who were acting under state law and further fails to explain which facts support each constitutional violation.

Thus, plaintiff's amended complaint will be dismissed and as it is clear that no amount of amendment would cure the deficiencies noted above, this case is dismissed with prejudice.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

## CONCLUSION

The complaint will be **DISMISSED** and as plaintiff has already been provided an opportunity to amend and as it is clear no amount of amendment would cure the deficiencies of this action, the case is **DISMISSED** with prejudice for failure to state a claim on which relief may be granted.

///

///

---

[1] In *Polk v. Daly*, No. C 12-0193 PJH (PR), plaintiff was ordered to address the statute of limitations issue, but she never discussed the issue.

5

**IT IS SO ORDERED.**

Dated: February 21, 2013.

_____
PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.12\Polk1026.dsm.wpd